UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>          Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, *et al.*,<br><br>          Defendants. | CASE NO. 2:19-cv-01059-RAJ-JRC<br><br>SUMMARY JUDGMENT BRIEFING SCHEDULING ORDER |

This matter is before the Court on referral from the District Court. *See* Dkt. 19.

The parties have been unable to reach agreement and request that the Court enter a briefing scheduling order regarding summary judgment briefing in this matter. *See* Dkts. 64, 65. Plaintiffs the State of Washington and defendants agree that briefing should be as follows: first, plaintiffs' summary judgment briefs; second, defendants' cross-motions for summary judgment and their responses to plaintiffs' motions; third, plaintiffs' replies in support of their motions and responses to defendants' cross-motions; and fourth, defendants' replies in support of their cross-motions.

1         For their part, plaintiffs Citizens of the Ebey's Reserve and Paula Spina (collectively
2 "COER") argue that briefing should be consolidated: first, plaintiffs' motions for summary
3 judgment; second, defendants' responses to plaintiffs' motions, which shall be treated as cross-
4 motions for summary judgment, as well as any separate cross-motions for any affirmative
5 defenses that defendants wish to file; third, plaintiffs' reply briefs in support of their motions and
6 their responses to any defense cross-motion on the basis of affirmative defenses; and fourth, if
7 defendants filed cross-motions on the basis of affirmative defenses, replies in support of those
8 motions.

9         Defendants assert that their briefing schedule ensures that defendants will not be limited
10 to a strictly responsive position and will be able to address any new arguments raised in
11 "Plaintiff Washington's or COER's and Ms. Spina's opposition briefs." Dkt. 64, at 2. Plaintiffs
12 argue that it would be inappropriate to allow defendants to have the last word on plaintiffs'
13 summary judgment motion. *See* Dkt. 65, at 1. Plaintiffs further argue that because this matter is
14 based on review of the Administrative Record, there is no need for cross-motions. They assert
15 that without any factual disputes and where the issues are purely legal, "denial of one party's
16 summary judgment motion necessarily requires granting the other party's motion for summary
17 judgment." Dkt. 65, at 2.

18         Plaintiff State of Washington and defendants have the better of the argument. Contrary
19 to COER's arguments, it appears that there is at least a likelihood that there will be factual issues
20 argued on summary judgment. This is because COER asserts in its complaint that it seeks
21 permanent injunctive relief, and a permanent injunction requires consideration of factors other
22 than simply whether the Administrative Record reveals that plaintiff is correct as a matter of law.

*See* Dkt. 16, at 36, 2:19-cv-01062-RAJ-JRC. Thus the premise for COER's argument that a cross-motion is unnecessary unless defendants raise affirmative defenses is incorrect.

Further, if defendants file a cross-motion for summary judgment, they are also entitled to a reply in support of the motion. *See* Local Civil Rule 7(b)(3). Of course, defendants may not use the reply brief in support of their cross-motion as an opportunity to have the last word on plaintiffs' summary judgment briefing.

Therefore, the Court grants the joint proposed scheduling motion requested by plaintiff State of Washington and defendants (Dkt. 64) and enters the following scheduling order:

(1) Plaintiffs' motions for summary judgment on all claims are due on or before **June 12, 2020**;

(2) Defendants' cross motions for summary judgment and their briefs in opposition to plaintiffs' motions for summary judgment on all claims are due on or before **July 31, 2020**;

(3) Plaintiffs' oppositions to defendants' cross-motions and their replies in support of their own motions are due on or before **September 11, 2020**.

(4) Defendants' replies in support of their own motions are due on or before **October 23, 2020** and shall be directed toward arguments raised in plaintiffs' oppositions to defendants' cross-motions.

Plaintiff COER's scheduling motion (Dkt. 65) is denied.

Dated this 11th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge