UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, *et al.*,<br><br>  Defendants. | CASE NO. 2:19-cv-01059-RAJ-JRC<br><br>ORDER ON STIPULATED MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEFS |

This matter is before the Court on plaintiff the State of Washington's and defendants' stipulated motion for leave to file over-length summary judgment motions and briefs. Dkt. 95. The Court previously set the summary judgment briefing schedule to provide for plaintiffs' summary judgment motions, then defendants' consolidated cross summary judgment motions and oppositions, then plaintiffs' consolidated responses and replies in support of their summary judgment motions, then defendants' consolidated replies in support of their cross summary judgment motions. *See* Dkts. 66, 69.

The State has filed its summary judgment brief; so have plaintiffs Citizens of the Ebey's Reserve for a Healthy, Safe, and Peaceful Environment and Paula Spina (collectively, "COER"). *See* Dkts. 87, 88. Defendants have filed their cross-motion and response, totaling 58 pages. Dkt. 92. Before plaintiffs filed their reply briefs in support of their motions for summary judgment and responses to defendants' cross motion, the State and defendants filed the pending stipulation to allowing the State a 40-page consolidated responsive/reply brief and defendants a 35-page reply brief in support of defendants' own cross motion. Dkt. 95.

COER plaintiffs do not join in this stipulation and assert that allowing defendants a 35-page reply brief in support of their cross-summary judgment motion essentially results in a defense sur-reply brief related to COER's and the State's summary judgment motions, so that defendants have the last word. *See* Dkt. 96. They state that it is premature for the Court to determine whether defendants may file a reply brief in support of their cross-summary judgment motion "at least insofar as it is directed to COER's issues." Dkt. 96, at 1.

After filing this stipulation, plaintiffs filed their consolidated responsive and reply briefs: the State filed a 31-page brief and COER filed a 17-page brief. Dkts. 99, 101. Defendants have yet to file their reply in support of their cross motion.

The Court previously allowed defendants to file a reply in support of their cross-summary judgment motion so long as it is directed toward arguments raised in plaintiffs' opposition to defendants' cross motion. *See* Dkt. 66. Even if the issues argued in the cross-summary judgment and summary judgment motions overlap, defendants are entitled to make arguments in support of their cross-summary judgment motion in a reply brief.

The Court accepts plaintiffs' responsive briefs and replies in support of their summary judgment motions. Because the parties have been unable to come to an agreement regarding the

length of defendants' reply brief in support of their cross-motion for summary judgment, the Court will adhere to the directions stated in the Local Civil Rules. *See* LCR 7(f)(4) ("If the court grants leave to file an over-length motion, the brief in opposition will automatically be allowed an equal number of additional pages. In all cases, the reply brief shall not exceed one-half the total length of the brief filed in opposition."). Defendants' reply brief shall not exceed 24 pages and shall be directed to those arguments raised in plaintiffs' opposition to the cross-summary judgment motion. The parties shall refer to Local Civil Rule 7(e)(6) regarding the calculation of brief length.

Dated this 8th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge