HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON

    Plaintiff,

    v.

UNITED STATES DEPARTMENT OF THE NAVY, *et al.*,

    Defendants.

Case No. 19-cv-1059-RAJ

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

## I. Introduction

This matter comes before the Court on Plaintiff's motion for an interim award of attorneys' fees and costs. Dkt. # 120. For the reasons below, the motion is **DENIED** without prejudice.

## II. Background

Plaintiff Citizens of Ebey's Reserve (COER) moves for an interim award of attorneys' fees and expert costs pursuant to Fed. R. Civ. P. 54. COER seeks an interim award of attorneys' fees under the Equal Access to Justice Act as the prevailing party given the Court's August 2, 2022 Order Adopting Report and Recommendation (Dkt. 119). Under the Equal Access to Justice Act ("EAJA"), plaintiffs are entitled to an award of attorneys' fees and costs as a prevailing party against the United States. *See Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (stating that "an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special

ORDER – 1

circumstances exist that make an award of fees unjust").

### III. Legal Standard

Federal Rule of Civil Procedure 54 outlines the basic procedures for requesting attorneys' fees. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P 54(d)(2)(A). Unless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment. Fed. R. Civ. P 54(d)(2)(B). The EAJA requires that a party seeking attorneys' fees must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2413(d)(1)(B) (1988).

### IV. Discussion

COER argues that it prevailed on its claim challenging the adequacy of the EIS. Dkt. # 120 at 2. According to COER, because it achieved the principal ruling it sought in bringing this lawsuit, it argues that it is a prevailing party under EAJA. *Id.*

Federal Defendants argue that Plaintiff's request for attorneys' fees is premature because a request for fees is allowed only after a final, non-appealable judgment. The EAJA requires that a party seeking attorneys' fees must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2413(d)(1)(B) (1988). Congress defined "final judgment" as one that is "final and not appealable." 28 U.S.C. § 2421(d)(2)(G) (1988). Furthermore, even when the Court enters an order constituting a "judgment" for purposes of the FRCP and EAJA, if Federal Defendants choose to appeal that order it will remain non-final until the appeal is resolved. *See* 28 U.S.C. § 2412(d)(2)(G). Federal Defendants add that the remedy related to the Court's order has not yet been decided, and accordingly, they cannot evaluate the strength of COER's claim for fees. Dkt. # 123 at 3.

The Court agrees with the Federal Defendants that it should defer the attorneys' fees decision until final judgment to promote judicial efficiency. First, Federal

ORDER – 2

Defendants are correct that final judgment has not been entered. Second, since the "degree of success obtained" still depends on the remedy achieved and the outcome of any appeal, the Court cannot yet fully determine Plaintiff's success in this litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Ultimately, without complete information on Plaintiff's success, the Court cannot undertake a proper attorneys' fees analysis.

Accordingly, the Court **DENIES** Plaintiff's motion for attorneys' fees without prejudice.

**V. Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorneys' fees without prejudice. Dkt. # 120. This motion may be renewed when final judgment is entered.

DATED this 16th day of March, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3