HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF THE NAVY, *et al.,*<br><br>                Defendants. | CASE NO. 19-cv-1059-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiffs' Motions for Reconsideration. Dkts. # 142, 144. The Court has considered Federal Defendants' response. Dkt. # 156. The Court has also considered reply briefs filed by Citizens of the Ebey's Reserve for a Healthy Safe and Peaceful Environment ("COER") and the State of Washington. Dkts. # 157, 159. For the reasons below, the Court **GRANTS in part** and **DENIES in part** the Motions.

## II. LEGAL STANDARD

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington. *See* LCR 7(h)(1). Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied. *Id*.

## III. DISCUSSION

The detailed history of this dispute is detailed in the Court's Report & Recommendation dated December 10, 2021, and Order on Remedy. Dkts. # 109, 140. The Court found the Navy violated NEPA but remanded the FEIS and ROD without vacatur. Dkt. # 140. Both the State of Washington and COER move for reconsideration of the Court's remedy order. Dkts. # 142, 144. The Court previously issued an order ruling on these Motions for Reconsideration, without providing Defendants an opportunity to respond as required by LCR 7(h)(1). Dkt. # 150. In light of this situation, the Court held the order in abeyance pending the Court's receipt of Federal Defendants' response to Plaintiffs' motions for reconsideration. Dkt. # 155.

The State of Washington notes that its limited motion for reconsideration of the Court's remedy order seeks clarification on its request that the court retain jurisdiction over the matter, set a one-year deadline for the Navy's compliance with its obligations under the National Environmental Policy Act (NEPA), the Administrative Procedure Act (APA), and require the Navy to file status reports every 60 days describing its progress. Dkt. # 140. COER also seeks this relief with its motion. Dkt. # 144 at 7-9. Federal Defendants assert that the Court should not exercise jurisdiction over a matter on remand, arguing that retaining oversight over remand proceedings runs contrary to the traditional rule. Dkt. # 156 at 3. Additionally, Federal Defendants argue that the State's request to

provide regular status reports is unjustified and burdensome because "there is no evidence in the record that the Navy has unreasonably delayed taking required actions, failed to meet deadlines, or demonstrated a history of noncompliance with this Court's orders." *Id*. at 4.

District courts have "broad latitude in fashioning equitable relief when necessary to remedy an established wrong[.]" *NWF v. NMFS II*, 524 F.3d 917, 936 (9th Cir. 2008) (quoting *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994)); *see also Western Oil & Gas Ass'n v. EPA*, 633 F.2d 803, 813 (9th Cir. 1980); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405 (9th Cir. 1995). The Court observes that exercise of discretion to retain jurisdiction over a matter on remand is "typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to the fulfillment of legal duties." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 37, 41 (D.D.C. 2008). Nonetheless, specific and targeted requirements, such as setting a deadline for compliance with NEPA, may be appropriate in certain cases. *See e.g., High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 643-45 (9th Cir. 2004) (finding that district court acted within its discretion when it required agency to assess cumulative impacts by a set date); *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 839 F. Supp. 2d 1117, 1128-30 (D. Or. 2011) (declining to vacate an agency's unlawful decision but retaining jurisdiction and setting a deadline for agency compliance).

In recognition of the significance of the Navy's errors, the Court will retain jurisdiction and sets a deadline for compliance with NEPA of no later than May 1, 2025. The Navy must file status reports every 90 days describing its progress toward compliance. The Court observes Defendants' argument that there is no history of noncompliance with the Court's orders. Dkt. # 156 at 4. However, that is not a

ORDER - 3

prerequisite to retaining jurisdiction and imposing a deadline for compliance. *See e.g., Alaska v. Lubchenco*, No. 10-cv-00271-TMB, 2012 WL 13035040, at *3-4 (D. Alaska Mar. 5, 2012) (imposing deadline for compliance for an agency's action on remand "[g]iven the extensive delays in the underlying agency process"). The Navy may move for and the Court will, upon a showing of good cause, grant appropriate extensions of the deadlines set forth above. Accordingly, this part of the Plaintiffs' motion is **GRANTED**.

Separately, COER argues that the Court incorrectly concluded that the harms of the residents have not significantly increased since the record on decision (ROD) and that the Court failed to scrutinize the Navy's national defense argument given reasonable alternatives. Dkt. # 144. COER seeks vacatur or partial vacatur. *Id.* at 6. These arguments improper for a motion for reconsideration. Plaintiff does not show manifest error of law and fails to make a showing of new facts that could not have been brought to the Court's attention earlier. LCR 7(h)(1). In assessing the appropriate remedy, the Court applied the two-part test outlined in *Allied-Signal, Inc. v. United States Nuclear Regulatory Commission*, 988 F.2d 146 (D.C. Cir. 1993). Under that test, the Court weighs "the seriousness of the agency's errors against 'the disruptive consequences of an interim change that may itself be changed.'" *Center for Food Safety v. Regan*, 56 F.4th 648, 663 (9th Cir. 2022); *see* Dkt. # 140 at 5. COER does not take issue with the law applied by the Court, but simply would have reweighed the factors in its favor; in particular, COER asks the Court to not take the Navy's representations of national security risk at face value. Dkt. # 144 at 6. But the Court has ruled consistently on this issue in not second-guessing senior military officials' professional judgments. *See Washington v. U.S. Dep't of Navy*, 2020 WL 8678103, at *6 (W.D. Wash. July 22, 2020), *adopted*, 2021 WL 796552 (W.D. Wash. Mar. 2, 2021) (recognizing that "the increased Growler presence for training at OLF Coupeville is essential for national security").

Furthermore, a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight." *F.T.C. v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989). This applies to Plaintiff's request to revert Growler training to Ault Field instead of OLF Coupeville. Dkt. # 144 at 7. The Court reiterates this "not-in-my-backyard" approach subverts the public interest by proposing shifting noise to another, more populated community. *Washington*, 2020 WL 8678103 at *6. For these reasons, the Court **DENIES** this part of COER's motion.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS in part and DENIES in part** the Plaintiffs' Motions for Reconsideration. Dkts. # 142, 144. The Court **AMENDS** its Order on Remedy, Dkt. # 140, and Judgment, Dkt. # 141, as follows:

1. The Navy must comply with its obligations under NEPA, the APA, and this Court's Order Adopting Report and Recommendation, Dkt. # 119, no later than May 1, 2025;

2. The Navy must file status reports every 90 days describing its progress toward compliance; and

3. The Court retains jurisdiction over this matter for purposes of enforcing the above-mentioned requirements.

Dated this 16th day of August, 2024.

The Honorable Richard A. Jones
United States District Judge